No. 04–5506–CR.

United States Court of Appeals, Second Circuit.

June 17, 2005.

UNITED STATES of America, Appellee,

v.

Robert F. FRIEMANN Defendant–Appellant,

Joseph W. Ryan, Jr. (L. Kevin Sheridan), Uniondale, NY, for Appellant, of counsel.

Evan Williams, Assistant United States Attorney (David C. James, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, New York, NY, for Appellee, of counsel.

PRESENT: CABRANES, RAGGI, Circuit Judges, and SAND Judge.*

## SUMMARY ORDER

Defendant-appellant Robert F. Friemann appeals his judgment of conviction, entered by the United States District Court for the Eastern District of New York on October 1, 2004, on one count of making a false statement on a federal tax return in violation of 26 U.S.C. § 7206(1).

On appeal, Friemann claims that (1) the District Court improperly denied his motion for dismissal pursuant to the Speedy Trial Act, (2) the evidence presented at trial was not legally sufficient to support his conviction, and (3) the Government unfairly altered its theory of the case in its summation.

■ Friemann first alleges that his rights under the Speedy Trial Act, 18 U.S.C. § 3162, were violated when the Government failed to try him within 70 days of April 10, 2003, the date on which the District Court declared a mistrial in the case against Albert E. Isernio, Friemann's former co-defendant. On appeal, dispute centers on whether Friemann, by agreeing to delay his trial pending the outcome of Isernio's, waived his speedy trial rights for the one year period *following* Isernio's mistrial, even when this event was apparently not foreseen by either party.

The Speedy Trial Act authorizes district courts to "exclude[ ]" time from the prescribed 70–day period for certain kinds of delays. *See* 18 U.S.C. § 3161(h)(1)-(8). Apart from these exclusions, defendants

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

generally may not waive Speedy Trial Act protections because of the public's independent interest in prompt criminal trials. *United States v. Gambino,* 59 F.3d 353, 360 (2d Cir.1995). We permit waiver, however, when delays result from defendants having "request[ed] an adjournment that would serve the ends of justice." *United States v. Zedner,* 401 F.3d 36, 45 (2d Cir. 2005).

We review *de novo* the denial of Friemann's motion to dismiss, and we review related factual determinations for clear error.[1] On the record before us, we conclude that the District Court did not err in deciding that "any delay caused by Isernio's mistrial . . . is directly attributable to Friemann's motion to sever." Here, as in *Zedner,* the Government was fully prepared to try the defendant—indeed jury selection was already under way—and the case was delayed only at Friemann's request. Further, the District Court did not err in finding that (1) the adjournment of Friemman's trial was designed to promote goals of judicial efficiency, and (2) this goal could not be attained by proceeding with Friemann's trial prior to the ultimate resolution of Isernio's case. That Friemann acquiesced in delaying his trial in this manner is strongly suggested by his failure to raise any speedy trial objections between June 19, 2003, when he now alleges that the speedy trial "clock" expired, and September 18, 2003, when he filed this motion.

■ Even if we assume *arguendo* that Friemann's speedy trial rights were violated, the District Court properly denied Friemann's motion because any such error was harmless. *See Zedner,* 401 F.3d at 47–48; *Gambino,* 59 F.3d at 362–63. Had the District Court dismissed the indictment on speedy trial grounds, it would have done so "without prejudice" because the charged offenses were serious, the Government acted in good faith, the defendant benefitted significantly from delays, and Friemann failed repeatedly to raise any speedy trial concerns. In such circumstances, the Government could (and likely would) have re-indicted Friemann,[2] leaving Friemann's legal position unchanged. On nearly identical facts in *Gambino,* we held that the District Court's denial of a motion to dismiss on speedy trial grounds constituted harmless error, and we follow that holding here. 59 F.3d at 363.

■ Friemann's second argument on appeal—that the evidence at trial was legally insufficient to support his conviction—is similarly without merit. Although we review *de novo* a district court's ruling regarding sufficiency of the evidence, a defendant challenging his conviction on this basis "bears a heavy burden." *United States v. Henry,* 325 F.3d 93, 103 (2d Cir.2003). "In assessing a factual sufficiency challenge, we review the evidence in its totality, and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." *United States v. Salmonese,* 352 F.3d 608, 618 (2d Cir.2003) (citations omitted). We will uphold a jury's verdict if a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The record contains sufficient evidence, both direct and circumstantial, from which

---

1. *United States v. Gaskin,* 364 F.3d 438, 450 (2d Cir.2004).

2. In fact, Friemann was indicted on a fourth superseding indictment on October 15, 2003, nearly one month *after* he raised his speedy trial motion, which was directed to the second superseding indictment of March 27, 2002. [Red 32]

a rational factfinder could infer beyond a reasonable doubt that Friemann wilfully and knowingly made materially false statements on his tax returns concerning business deductions for S & F Consulting ("S & F"). When faced with motions to set aside the verdict, or in the alternative, grant a new trial, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, the District Court properly concluded that the testimony of multiple witnesses—including the defendant's nominal partner—supported the jury's conclusion that S & F never performed any consulting work and therefore could not have legitimately incurred the reported business expenses.

Friemann raises two specific objections relating to his insufficiency claim. First, he asserts that the District Court erred in finding that Ruth Schneider's testimony was sufficient to support his conviction. This claim fails because Schneider's remarks, when taken in conjunction with other testimony such as that of Agent Bishop and with Friemann's own admissions, suggest that S & F was a "shell" entity with no business operations or expenses.

■ Second, Friemann asserts that the jury's acquittal on the remaining counts charging money laundering undermines his conviction for false tax reporting. The District Court properly rejected this argument on the basis that the jury could have concluded that Friemann falsely reported expenses for S & F *regardless* of whether it believed that Friemann knew about the bribery and money laundering activities of his colleagues. Finally, defendant's reliance on *United States v. Coveney*, 995 F.2d 578, 592–94 (5th Cir.1993), is unavailing because there it was undisputed that some legitimate business had been conducted, and the court held that the jury possessed insufficient evidence to conclude that reported deductions were fraudulent.

Here, by contrast, the record suggests that S & F conducted no legitimate business and therefore any expenses claimed on its behalf were necessarily fraudulent and falsely reported.

■ Finally, defendant claims that the District Court improperly denied his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. Specifically, Friemann contends that the Government unfairly "ambush[ed]" the defense by alleging for the first time in summation that Friemann's falsely claimed business deductions were motivated by a "personal enrichment theft scheme"—namely, his desire to finance home furnishings. We review Rule 33 determinations "with great caution," *United States v. DiPaolo*, 835 F.2d 46, 49 (2d Cir.1987) (internal quotation marks omitted), upholding district court rulings "unless there has been an abuse of discretion." *United States v. Underwood*, 932 F.2d 1049, 1052 (2d Cir. 1991). No such abuse or error of law, *see Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 167–69 (2d Cir.2001), has taken place in this instance.

The District Court properly concluded that the Government neither misstated the evidence, constructively amended the grand jury indictment, nor impermissibly broadened its theory over the course of the trial. In any event, any unfairness was cured by Friemann's opportunity to cross-examine pivotal witnesses and by the District Court's careful jury instruction that opening and closing statements were not to be considered as evidence.

\*     \*     \*     \*     \*     \*

We have considered each of Friemann's arguments and have found them to be without merit. The judgment of the District Court is therefore AFFIRMED.