UNITED STATES of America,
Appellee,

v.

Robert FRIEMANN, Defendant–
Appellant,

Robert J. McDonald, Albert E. Isernio, William M. Blake, John R. Blake, David J. Blake, and William Pattison, Defendants.

No. 04–5506–cr.

United States Court of Appeals,
Second Circuit.

Sept. 13, 2006.

Joseph W. Ryan, Jr. (L. Kevin Sheridan, on the brief), Uniondale, NY, for Appellant.

Barbara Underwood, Counsel to the United States Attorney (Roslynn R. Mauskopf, United States Attorney, David C. James, Evan Williams, Assistant United States Attorneys, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI, Circuit Judges, and LEONARD B. SAND,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Robert F. Friemann previously appealed his judgment of conviction, entered by the District Court on October 1, 2004, on one count of making a false statement on a federal tax return in violation of 26 U.S.C. § 7206(1). He argued that his rights under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 *et seq.*, had been violated and that the violation required that his conviction be vacated.

We affirmed the judgment of the District Court by summary order. *See United States v. Friemann,* 136 Fed.Appx. 396 (2d Cir.2005) (relying on *United States v. Zedner,* 401 F.3d 36 (2d Cir.2005)). Friemann then sought a writ of certiorari from the Supreme Court of the United States, which granted his petition, vacated our June 17, 2005 judgment, and remanded the cause to us for further consideration in light of *Zedner v. United States,* —— U.S. ——, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). *See Friemann v. United*

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

*States*, —— U.S. ——, 126 S.Ct. 2859, 165 L.Ed.2d 892 (2006).

We assume the parties' familiarity with the underlying facts and procedural history.

Upon review of the record, we conclude that the Supreme Court's decision in *Zedner* requires that Friemann's conviction be vacated. The Court held in *Zedner* that an exclusion of time pursuant to 18 U.S.C. § 3161(h)(8) is permissible only if the trial court makes findings on the record supporting the "ends-of-justice" delay. As the prosecution conceded at oral argument on June 14, 2005, when this case first came before us, the District Court did not make any reference in its January 15, 2003 order to exclusion of time or to any finding under the STA. The postponement of Friemann's trial accordingly violated the STA.

For the foregoing reasons, the case is REMANDED, and the District Court is instructed to VACATE the CONVICTION and to DISMISS the INDICTMENT after deciding whether to do so with or without prejudice.